IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRENT WARREN,** **#Y20422,** | |
| Plaintiff, | Case No. 21-cv-00347-SPM |
| v. | |
| **DR. PITTMAN,** **NP STOVER,** **NURSE SWELTY,** **PERCY MYERS,** **JENNIFER MYERS,** **CHRISTINE BROWN,** **JOHN DOE, and** **WEXFORD MEDICAL CORPORATION,** | |
| Defendants. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Trent Warren, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Warren claims that while housed at Lawrence Correctional Center ("Lawrence") and Pinckneyville Correctional Center ("Pinckneyville") he has been denied adequate medical treatment for his shoulder injury. He also claims that at Lawrence he was denied adequate care for his hernia. Warren seeks monetary damages and injunctive relief.

The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of a pro se complaint are to be liberally

construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE FRIST AMENDED COMPLAINT

Warren alleges the following: On March 3, 2019, he injured his shoulder and rotator cuff lifting weights. (Doc. 19, p. 2). At the time he was housed at Lawrence. On March 13, 2019, while in the healthcare unit for x-rays and lab work unrelated to his should injury, Warren informed Nurse Practitioner Stover of his should injury. (*Id.* at p. 3). He also asked for a bottom bunk permit. Warren told her that he was assigned to the top bunkbed in his cell and climbing up onto his bed caused him to apply pressure to his shoulder, the joint would "pop out of place," and he had extreme pain. (*Id.* at p. 4). Stover did not treat Warren's injury and told him that he would have to submit a separate sick call request and pay $5 to be seen for his shoulder. Stover also refused to issue a bottom bunk permit. (*Id.*).

Warren did not submit a sick call slip due to "lack of funds." (Doc. 19, p. 4). He also waited to request additional medical assistance to "try and let his body heal on its own." (*Id.*). Warren eventually submitted a sick call slip requesting medical treatment for his shoulder. (*Id.* at p. 5). He was seen at nurse sick call by Nurse Swelty on May 21, 2019. At the time, his shoulder was extremely swollen. Warren told Swelty that he could not workout or do any activities without pain and "dislocation occurring." (*Id.*). He asked for a bottom bunk permit. (*Id.* at p. 6). Swelty asked Warren to rotate his shoulder and when he did, the shoulder popped out of place "crunching loudly causing extreme pain." (*Id.* at p. 5-6). Swelty only referred Warren to the medical doctor and did not provide him with a bottom bunk permit, pain medication, or an ice pack. (*Id.* at p. 6).

On May 28, 2019, Warren saw Dr. Pittman. (Doc. 19, p. 6). He informed Dr. Pittman of his injury. Dr. Pittman popped his back and performed other stretches for his back. (*Id.* at p. 7). She told him that his shoulder was "hurt because you don't do these stretches." Dr. Pittman did not give him a bottom bunk permit, ice permit, or medication. She also did not order x-rays, an

MRI, or CT scan. Dr. Pittman falsely recorded his injury as muscle strain and ordered a follow-up appointment in a month. (*Id.* at p. 7-8). Warren was scheduled for an appointment on June 27, 2019, but the appointment was canceled and rescheduled. During this time, he was not provided any treatment to relieve his pain.

Warren was seen on July 17, 2019, by Stover for his follow-up appointment. (Doc. 19, p. 9). He told Stover that he had been in extreme pain and unable to put any weight or pressure on his shoulder joint without pain, "crunching of the joint, and frequent dislocation." (*Id.*). At the time of the appointment, Warren was in handcuffs because he was in segregation.(*Id.* at p. 10). Stover was unable to evaluate and examine his shoulder. Stover gave Warren a muscle relaxer and Tylenol, but the Tylenol "had zero effect" on his pain. Stover did not order an x-ray or scan or issue Warren a bottom bunk permit or an ice permit. (*Id.*).

Warren had x-rays taken on August 21, 2019. (Doc. 19, p. 11). After the x-rays, he did not receive any information or a follow-up appointment. On the same day, Dr. Pittman diagnosed him with a hernia. He was given stool softeners and another laxative and informed on stretches to do for his shoulder. Dr. Pittman told Warren that "this is a issue he would have to suffer through until he gets released from prison." Warren again asked for a bottom bunk permit, due to the pain the high knee movement caused and his shoulder pain that would occur when climbing in and out of the bunkbed. Again, his request was denied.

Warren was seen on January 13, 2020, by Dr. Pittman for headaches and migraines. (Doc. 19, p. 12). Dr. Pittman gave Warren ibuprofen and ordered blood tests. She also ordered that Warren be evaluated for physical therapy. (*Id.* at p. 21). Warren again informed Dr. Pittman of the "urgency of why [he] needs a bottom bunk permit." (*Id.* at p. 12). His request was a denied.

Warren was transferred to Pinckneyville on February 27, 2020. (Doc. 19, p. 13). At Pinckneyville, he has submitted grievances and sick call slips and has not been evaluated for

physical therapy or seen for his shoulder injury.

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following counts:

**Count 1:** Eighth Amendment deliberate indifference claim against Pittman, Stover, Swelty, P. Myers, J. Myers, Brown, John Doe, and Wexford Medical Corporation for failing to provide adequate medical care for Warren's shoulder injury and associated pain.

**Count 2:** Eighth Amendment deliberate indifference claim against Pittman for failing to provide adequate medical care for Warren's hernia and associated pain.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

Count 1 will proceed against Defendants Dr. Pittman, NP Stover, and Swelty who failed to properly treat Warren's shoulder injury while he was at Lawrence. Count 1 will also proceed against Dr. P. Myers, Physical Therapist J. Myers, and Healthcare Administrator Christine Brown for failing to provide Warren adequate medical treatment for his shoulder injury while at Pinckneyville. Warren claims he has submitted sick call slips and grievances regarding his shoulder injury, but the medical staff has ignored his complaints, and he has not received treatment. *See Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015).

Count 1 will proceed against Wexford Medical Corporation ("Wexford"). Warren claims that Wexford has an unwritten policy to not honor a doctor's "orders, permits, etc." that came from another correctional facility. (Doc. 19, p. 17). This policy has resulted in Warren not receiving an

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).

evaluation for physical therapy at Pinckneyville, which was directed by Dr. Pittman at Lawrence. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004)

Count 1 will be dismissed as to John Doe, the Assistant Warden of Operations. Warren has not explained this individual's personal involvement in the alleged violation of his constitutional rights. Warren claims that the John Doe is "responsible for ensuring all medical and health care operations were conducting appropriately and properly." (Doc. 19, p. 16). This is not sufficient to state an Eighth Amendment claim. Under Section 1983, there is no supervisory liability. *See Sanville v. McCaughtry,* 266 F. 3d 724, 740 (7th Cir. 2001). A defendant cannot be held liable for a subordinate's unconstitutional conduct. For these reasons, Count 1 is dismissed as to John Doe.

Count 2 will proceed against Dr. Pittman for her failure to properly treat Warren's hernia and associated pain while he was at Lawrence. *See Gonzalez v. Feinerman,* 809 F.3d 974 (7th Cir. 2016) ("hernia can be an objectively serious medical problem").

### MOTION FOR RECRUITMENT OF COUNSEL

Warren has filed a Motion for Recruitment of Counsel (Doc. 4), which is denied.[2] Warren discloses that he has contacted three different lawyers in an attempt to recruit counsel and includes with his motion three letters from attorneys declining representation. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action pro se, Warren indicates that he has been designated "seriously mentally ill" and cannot comprehend the law. His limited knowledge and comprehension of the law, however, is not unique to him as a pro se litigant and does not necessarily warrant recruitment of counsel at this time. Furthermore, Warren has not explained how his mental health condition hinders his ability to litigate. Warren has filed a First Amended Complaint, which has survived screening, along with

---

[2] In evaluating the Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

exhibits and additional motions, demonstrating an ability to construct coherent sentences and relay information to the Court. Given the early stage of litigation, it is difficult to accurately evaluate the need for assistance of counsel. Should his situation change as the case proceeds, Warren may file another motion setting forth all the facts that support his request.

## DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Pittman, Stover, Swelty, P. Myers, J. Myers, Brown, and Wexford but is **DISMISSED without prejudice** as to John Doe. **COUNT 2** will proceed against Dr. Pittman. Because there are no surviving claims against John Doe, this defendant is **DISMISSED without prejudice**, and the Clerk of Court is **DIRECTED** to **TERMINATE** John Doe as a party.

The Motion for Recruitment of Counsel is **DENIED.** (Doc. 4).

Because Warren's claims involve his medical care, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for Pittman, Stover, Swelty, P. Myers, J. Myers, Brown, and Wexford the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to each Defendant's place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Warren, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the First Amended Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Warren and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Warren is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 30, 2022**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.