IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRENT WARREN, #Y20422,<br><br>     Plaintiff,<br><br>v.<br><br>DENNIS LARSON, *et. al*,<br><br>     Defendants. | Case No. 21-cv-00347-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion to dismiss for failure to state a cause of action filed by Defendant Percy Myers (Doc. 40). For the reasons set forth below, the motion to dismiss is granted.

### MOTION TO DISMISS

Plaintiff Trent Warren filed this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. (Doc. 1). In his First Amended Complaint, he claims received constitutionally inadequate care for a shoulder injury while incarcerated at Lawrence Correctional Center and Pinckneyville Correctional Center. (Doc. 19, 20). He is proceeding on a single Eighth Amendment claim against Defendants for deliberate indifference to a serious medical need.

In the motion to dismiss, Defendant Dr. Myers argues that the First Amended Complaint fails to state a claim as to any personal liability on his part. (Doc. 40, 41). Specifically, Warren has not pled any allegations that Dr. Myers knowingly acted or failed to act. Dr. Myers contends that the First Amended Complaint only loosely pleads his name in connection with an alleged failure to receive a course of treatment ordered by a different physician. The First Amended Complaint does not provide allegations that Dr. Myers knew of Warren, Warren's complaints of shoulder

pain, or the course of treatment recommended by another physician. There are no facts suggesting that he acted with deliberate indifference towards Warren. Therefore, Dr. Myers asks the Court to dismiss the claim against him, as Warren has failed to satisfy the notice pleading standards set forth in Rule 8 of Federal Rules of Civil Procedure. Warren did not file a response to the motion.

Pursuant to Local Rule 7.1(c), the Court may, in its discretion, deem a party's failure to respond in a timely manner as an admission of the merits of a motion. The Court has reviewed the record and makes the following findings that support the exercise of this discretion in this action.

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to decide the adequacy of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). When asserting a deliberate indifference claim, a plaintiff "must plead sufficient facts to demonstrate that a fact finder could infer deliberate indifference from the [provider's] treatment decisions." *Sanville v. McCaughtry,* 266 F .3d 724, 734 (7th Cir. 2001). A "complaint that a [provider] has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth

Amendment." *Id.* (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

In the First Amended Complaint, Warren alleges that after he was transferred to Pinckneyville Correctional Center, Dr. Myers failed to evaluate him, did not see him upon his arrival at Pinckneyville, failed to ensure all medical orders from the medical doctor at Lawrence Correctional Center were followed, and did not follow-up with Warren and his shoulder injury. (Doc. 19, p. 14-15). "To violate the Eighth Amendment the official must *knowingly* disregard a substantial risk to inmate health or safety." *Sanville,* 266 F. 3d at 735 (emphasis added). There is no indication in the First Amended Complaint that Dr. Myers knew Warren was experiencing ongoing shoulder pain and needed treatment, then failed to act. It is not enough to plead that Dr. Myers "should have known" of Warren's condition due to his position as a medical doctor at the facility. *See Williams v. Guzman,* 346 F. App'x 102, 105 (7th Cir. 2009) (finding at summary judgment that a doctor did not act with deliberate indifference by failing to review a nurse's note). Given these facts, the Court finds that Myers's conduct does not amount to deliberate indifference, and the motion to dismiss is granted.

## DISPOSITION

For the reasons state above, the Motion to Dismiss (Doc. 40) filed by Defendant Percy Myers is **GRANTED.** Count 1 is **DISMISSED** without prejudice against Defendant Myers. The Clerk of Court is **DIRECTED** to **TERMINATE** him as a defendant.

**IT IS SO ORDERED.**

**DATED:   January 26, 2023**

  *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**