IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRENT WARREN,

                Plaintiff,

v.

CHRISTINE BROWN,

                Defendant.

Case No. 21-cv-00347-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Trent Warren initiated this action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. In the First Amended Complaint, Plaintiff alleges that he injured his shoulder and rotator cuff lifting weights on March 3, 2019, while incarcerated at Lawrence Correctional Center ("Lawrence"). He subsequently was not provided adequate medical care for the shoulder injury and associated pain while incarcerated at Lawrence and continued to be denied care when he was transferred Pinckneyville Correctional Center ("Pinckneyville"). (Doc. 19, 20). Specifically, against Defendant Christine Brown, the only remaining defendant,[1] Plaintiff alleges that as the healthcare administrator at Pinckneyville she was responsible for his medical records and reviewing his medical history. (Doc. 19, p. 13). Upon his transfer to Pinckneyville, Brown failed to ensure that medical staff complied with doctors' orders issued at his previous institution and that he received a medical evaluation. Her failure to ensure medical treatment resulted in Plaintiff suffering pain and a "prolonged injury to [his] shoulder." (*Id.* at p. 13-14). Plaintiff is

---

[1] Defendant John Doe was dismissed in the Merit Review Order under 28 U.S.C. § 1915A. (Doc. 20, p. 6). Defendant Percy Myers was dismissed in the Order granting the motion to dismiss filed by Percy Myers. (Doc. 88). Plaintiff settled with the remaining defendants, and they were dismissed from this case. (Doc. 107, 109).

currently proceeding on the following claim:

> **Count 1:** Eighth Amendment claim against Brown for denying Plaintiff adequate medical treatment for the injury to his left shoulder area and associated pain.

This matter is before the Court on a motion for summary judgment on the issue of exhaustion filed by Christine Brown. (Doc. 99). Along with the motion, Brown filed a Rule 56 Notice informing Plaintiff of the consequences for failing to respond to a motion for summary judgment. (Doc. 101). Plaintiff was advised that failure to file a response "may, in the Court's discretion, be considered an admission of the merits of the motion." (*Id.* at p. 4) (quoting SDIL-LR 7.1(c)(1)). Plaintiff did not file a response in opposition. For the reasons set forth below, the motion for summary judgment is granted.

## FACTS

After transferring to Pinckneyville on February 27, 2020, Plaintiff filed one grievance relating to medical care for his shoulder. (*See* Doc. 100, p. 7).[2] In Grievance #1805-07-20, dated July 21, 2020, Plaintiff grieves various issues with his medical care since arriving at Pinckneyville. He states that despite sending written requests for medical care, he has not received his glasses or been seen for his asthma. (Doc. 100-1, p. 6-7). Plaintiff also complains that he has been waiting for eight months for physical therapy for issues with his shoulder and has still not been treated. He contends that he wrote to medical "about this due to pain and issues with shoulder. [I have] been ignored by medical and not treated." *Id.* at p. 7). Plaintiff writes that he has not received refills for vitamins and is not being treated for hearing loss. (*Id.*).

The Grievance Officer reviewed the grievance on August 3, 2020. (Doc. 100-1, p. 4). In

---

[2] Defendant cites to another grievance in which Plaintiff complained of issues with his shoulder, Grievance #9-19-47. (Doc. 100, p. 7). This grievance is dated August 29, 2019, and was filed at Lawrence. Because the grievance was filed before he transferred to Pinckneyville, it could not have served to exhaust his claims against Brown and will not be addressed by the Court.

addressing complaints about treatment for his shoulder injury, the Grievance Officer cited comments made by the "HCUA." (*Id.* at p. 5). The HCUA reported that the physical therapy assistant wrote to Plaintiff on June 8, 2020, informing him that he was never referred to physical therapy by the nurse practitioner or medical doctor. Plaintiff was advised to go through nurse sick call to be evaluated or to discuss his condition with the medical doctor or nurse practitioner when he was seen. (*Id.*). The Grievance Officer recommended that Plaintiff's grievance be denied, and the Chief Administrator Officer concurred with the recommendation. Plaintiff appealed to the Administrative Review Board, who denied the grievance on March 12, 2021. (*Id.* at p. 3).

Plaintiff did not name, mention, or describe Christine Brown in the grievance.

**LEGAL STANDARDS**

*I. Summary Judgment*

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). Courts generally cannot resolve factual disputes on a motion for summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, when the motion for summary judgment pertains to a prisoner's failure to exhaust administrative remedies, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Roberts v. Neal,* 745 F. 3d 232, 236 (7th Cir.

2014). Where there is no disputed issue of fact, as in this case, a hearing is not necessary.

## II. Exhaustion of Administrative Remedies

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion of available administrative remedies must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

## III. Grievance Procedures

As an inmate in the custody of IDOC, Plaintiff was required to follow the grievance procedure laid out in the Illinois Administrative Code ("grievance procedures"). 20 ILL. ADMIN. CODE § 504.800, *et seq*. The grievance procedures direct an inmate is to file a grievance first with the Counselor within 60 days of the discovery of an incident. *See* 20 ILL. ADMIN. CODE § 504.810(a). The grievance form must:

> [C]ontain factual details regarding each aspect of the offende"'s complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.810(c). Grievances that are unable to be resolved through routine channels are then sent to a Grievance Officer. *See* 20 ILL. ADMIN. CODE § 504.820(a). The Grievance Officer will review the grievance and provide a written response to the inmate. *See* 20 ILL. ADMIN. CODE § 504.830(a). The Grievance Officer must submit his findings to the Chief

Administrative Officer ("CAO") within two months after receiving the grievance. 20 ILL. ADMIN. CODE § 504.830(e). The CAO then reviews the findings and recommendation of the Grievance Officer and issues a written decision to the inmate. *Id.* If the inmate is not satisfied with the response, he can file an appeal with the Administrative Review Board ("ARB"). *See* 20 ILL. ADMIN. CODE § 504.850(a). The ARB must receive the appeal within 30 days after the date of the decision by the CAO. *Id.* Only after a grievance is reviewed by the ARB is it deemed exhausted. *See Pozo*, 286 F.3d at 1023–24.

## ANALYSIS

As discussed, Plaintiff was informed by Brown of the consequences of failing to respond to the motion for summary judgment. Plaintiff was also advised in the Initial Scheduling and Discovery Order that "failure to respond to the motion for summary judgment may result in an Order granting the motion." (Doc. 89, p. 4). Despite these warnings, Plaintiff did not put forth any arguments in opposition of Brown's motion for summary judgment. Pursuant to Federal Rule of Civil Procedure 56(e), "[i]f a party fails. . . to properly address another party's assertion of fact" the Court may "consider the fact undisputed for purposes of the motion." Also, under Local Rule 7.1(c), a party's "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." Thus, the Court deems Plaintiff's failure to respond as an admission to the material facts of the motion for summary judgment on exhaustion filed by Brown. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Flynn v. Sandahl,* 58 F.3d 283, 288 (7th Cir. 1995) (noting that a failure to respond constitutes an admission that there are no undisputed material facts).

Based on this admission, the Court finds that Plaintiff failed to properly exhaust his administrative remedies as to his Eighth Amendment claim for unconstitutional medical care against Brown. As Brown argues, Plaintiff does not name her or describe any action or inaction on

her part in Grievance #1805-07-20. The grievance complains of not being provided physical therapy sessions, despite Plaintiff's written requests to "medical." Nothing in the grievance suggests that Brown, as the health care administrator, was the target, and the mention of notifying "medical" is far too vague to alert prison officials that Brown knew from Plaintiff's existing medical records that he needed physical therapy and disregarded those records. Complaining that medical staff is denying treatment and ignoring sick call requests is a distinct and unique claim from complaining that an administrator failed to ensure that he receive adequate treatment. *See Roberts v. Neal Roberts v. Neal,* 745 F.3d 232, 236 (7th Cir. 2014); *Waldrop v. Wexford Health Sources, Inc.*, 646 F. App'x 486, 490 (7th Cir. 2016) (unpublished opinion). Thus, this grievance could not have put prison officials on notice of a purported problem with Brown and her failure to properly oversee Plaintiff's care. The motion for summary judgment is granted. *See Cannon v. Washington,* 418 F. 3d 714, 719 (7th Cir. 2005) (the purpose of the exhaustion requirement is to "alert prison officials to perceived problems and to enable them to take corrective action") (citations omitted).

## DISPOSITION

For the reasons provided, the Court **GRANTS** the motion for summary judgment (Doc. 99) filed by Defendant Christine Brown. This case is **DISMISSED without prejudice** for failure to exhaust. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: October 30, 2023

                                                                                      *s/Stephen P. McGlynn*
                                                                            **STEPHEN P. MCGLYNN**
                                                                            **United States District Judge**